IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02736-BNB

ENRIQUE JARAMILLO MARTINEZ,

    Applicant,

v.

EUGENE ABBOTT, Warden C.T.C.F., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant Enrique Jaramillo Martinez is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. On December 11, 2008, Mr. Martinez submitted to the Court a *pro se* Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court must construe the Application liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Mr. Martinez previously sought relief pursuant to 28 U.S.C. § 2254 in this Court regarding the same State of Colorado criminal conviction that he challenges in the

instant action. *See **Martinez v. Zenon***, No. 04-cv-00939-ZLW (D. Colo. Oct. 26, 2004); ***appeal dismissed***, No. 04-1499 (10th Cir. Mar. 17, 2005). Applicant asserts the same claims in the instant action that he asserted in his previous § 2254 action. The prior § 2254 action was dismissed as time-barred under 28 U.S.C. § 2244(d). Therefore, the instant § 2254 action is a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Martinez must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action. In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action. ***In re Cline***, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. ***In re Cline***, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

The claims Mr. Martinez asserts in this action, like the claims he asserted in his previous § 2254 action, are barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d). A transfer of this action to the Tenth Circuit is not in the interest of justice. The Application, therefore, will be denied for lack of jurisdiction. Accordingly, it is

2

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED for lack of jurisdiction and the action is dismissed.

DATED at Denver, Colorado, this 21 day of Jan, 2009.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02736-BNB

Enrique Jaramillo Martinez
Reg No. 84944
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk